IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-81,033-01 AND WR-81,033-02




EX PARTE STEPHANIE GONZALES, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 00-08-00096-CRK-A AND 05-06-00046-CRK-A
 IN THE 218TH DISTRICT COURT
FROM KARNES COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to
aggravated assault in the -01 case, and received ten years’ deferred adjudication community
supervision. Her community supervision was revoked and she was adjudicated guilty in the -01 case,
and was convicted of delivery of a controlled substance in the -02 case at the same time. In the -01
case, Applicant received a sentence of fifteen years’ imprisonment after adjudication. In the -02
case, she was sentenced to twenty years’ imprisonment. The Fourth Court of Appeals affirmed her
convictions in two opinions. Gonzales v. State, Nos . 04-07-00825-CR and 04-07-00824-CR (Tex. 
App. – San Antonio, April 29, 2009, no pet.).
            In these applications Applicant contends, among other things,


 that her trial counsel
(adjudication counsel in the -01 case) rendered ineffective assistance because counsel failed to move
for discovery, failed to obtain the medical records of the complainant in the -01 case and the arrest
and conviction records of the State’s witnesses in the -02 case, failed to subpoena eye witnesses and
medical expert witnesses in the -01 case, and failed to strike venire members who were related to
Applicant and to a witness against Applicant from the -01 case. 
            Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: May 21,2014
Do not publish